# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2021

Lyle W. Cayce
Clerk

No. 19-20698

Hyewon Shin,

*Plaintiff—Appellant*,

*versus*

Allstate Texas Lloyd's,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:18-cv-01784

Before Wiener, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:*

In this matter, Plaintiff-Appellant Hyewon Shin asserted a claim for penalties under the Texas Prompt Payment of Claims Act ("TPPCA"), Tex. Ins. Code, §§ 542.058 and 542.060. The district court granted summary judgment in favor of Defendant-Appellee Allstate Texas Lloyd's ("Allstate"), concluding that Allstate's pre-appraisal payment to Shin was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

both timely and reasonable as a matter of law notwithstanding that the final appraisal amount ($25,944.94) was 5.6 times greater than the pre-appraisal payment of $4,616.63.

This appeal followed. On July 22, 2020, however, it was placed in abeyance pending the issuance of a ruling by the Texas Supreme Court in *Hinojos v. State Farm Lloyds, et al.,* No. 19-0280. On March 19, 2021, the Texas Supreme Court rendered its opinion. Reversing the court of appeals' ruling in favor of the insurer, the Texas Supreme Court stated, in pertinent part:

> Chapter 542 [of the Texas Insurance Code] does not provide that a partial payment of a valid claim discharges liability for statutory interest. Accordingly, we hold that an insurer's acceptance and partial payment of the claim within the statutory deadline does not preclude liability for interest on amounts owed but unpaid when the statutory deadline expires.
>
> Our holding accords with our past decisions in [*Republic Underwriters Ins. Co. v. Mex-Tex, Inc.,* 150 S.W.3d 423 (Tex. 2004), *Barbara Techs. Corp. v. State Farm Lloyds,* 589 S.W.3d 806 (Tex. 2019), and *Alvarez v. State Farm Lloyds*, 601 S.W.3d 781 (Tex. 2020)], as well as the statute's stated purpose of "promot[ing] the prompt payment of insurance claims." [TEX. INS. CODE § 542.054]. By requiring insurers to promptly satisfy claims that they owe in their entirety, the [Texas] Legislature incentivizes insurers to resolve disputes and invoke the appraisal process sooner rather than later. Although the statute says nothing about reasonableness, a reasonable payment should roughly correspond to the amount owed on the claim. When it does not, a partial payment mitigates the damage resulting from a Chapter 542 violation. Interest accrues only on the unpaid portion of a claim.

*Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 658 (Tex. 2021) (internal footnote omitted).

No. 19-20698

Given the Texas Supreme Court's ruling in *Hinojos,* we now VACATE the judgment of the district court and REMAND this matter for further proceedings consistent with this opinion and *Hinojos.*